11-3060-ag
Sembel v. Holder

BIA
A098 361 268

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand twelve.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        JOSÉ A. CABRANES,
>        BARRINGTON D. PARKER,
>             *Circuit Judges.*

_____

ANTONNY OGIE SEMBEL,
>        *Petitioner,*

>        v.                                        11-3060-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:              Scott E. Bratton, Cleveland, Ohio.

FOR RESPONDENT:              Tony West, Assistant Attorney
                             General; Douglas E. Ginsburg,
                             Assistant Director; Benjamin Mark
                             Moss, Trial Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Antonny Ogie Sembel, a native and citizen of Indonesia, seeks review of a July 13, 2011, decision of the BIA denying his motion to reopen. *In re Antonny Ogie Sembel*, No. A098 361 268 (B.I.A. July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Sembel's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Although Sembel's motion was indisputably untimely because it was filed more than four years after the agency's final order of removal, *see* 8 U.S.C.

2

§ 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in finding that Sembel failed to establish changed conditions in Indonesia with respect to the treatment of homosexuals. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  In this regard, while the BIA acknowledged that the record evidence indicated that, subsequent to the conclusion of Sembel's 2004 proceedings, the Indonesian government enacted a "2008 Pornography Law" banning gay and lesbian sex, it nevertheless reasonably concluded that this development did not constitute a *change* in conditions in Indonesia regarding the treatment of homosexuals, particularly in light of the fact that Sembel indicated in his affidavit that he had been harmed in Indonesia on multiple occasions during the 1980s

3

specifically because of his sexual orientation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Furthermore, although Sembel argues that conditions for homosexuals in Indonesia have significantly worsened since his 2004 proceedings, he has failed to submit any evidence in support of his motion describing Indonesia's treatment of homosexuals at the time of his 2004 removal proceedings. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Accordingly, the BIA did not abuse its discretion in finding that Sembel failed to demonstrate a change in country conditions excusing the untimely filing of his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. at 253.

Moreover, the BIA did not err in concluding that Sembel failed to submit *material* evidence of changed country conditions as required to warrant consideration of his untimely motion, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), because the evidence he submitted did not rebut the agency's prior

4

adverse credibility determination.  *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding that the BIA does not abuse its discretion in denying a motion to reopen where "the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing that a movant's failure to produce material evidence is an independent basis for the denial of a motion to reopen).  Indeed, none of the evidence that Sembel submitted in support of his motion to reopen meaningfully addressed the underlying adverse credibility determination, which was based on inconsistencies between Sembel's testimony and asylum application in relation to his claim that he had suffered past harm and feared future harm on account of his Chinese ethnicity and Christian faith.  *Kaur*, 413 F.3d at 234.  Moreover, contrary to Sembel's suggestion, the psychological evidence in the record–which purportedly explains why Sembel failed to disclose during his removal proceedings that he had been harmed in Indonesia on account of his sexual orientation–does not address Sembel's failure to testify credibly regarding his *ethnicity and religion*

5

claim. *See Kaur*, 413 F.3d at 234; *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) for the proposition that the BIA may properly reject unauthenticated evidence submitted with a motion to reopen where the agency made an adverse credibility determination in the underlying removal proceedings).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6